Signed and Filed: November 6, 2015



DENNIS MONTALI
U.S. Bankruptcy Judge

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: okatz@sheppardmullin.com
         rsahyan@sheppardmullin.com

Attorneys for Official Committee of Unsecured Creditors of Metawise Group, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>METAWISE GROUP, INC.,<br><br>            Debtor. | Case No. 14-31652-DM<br><br>Chapter 11<br><br>**ORDER FINALLY APPROVING DISCLOSURES IN AND CONFIRMING COMBINED CHAPTER 11 PLAN OF LIQUIDATION DATED SEPTEMBER 22, 2015**<br><br>Date: November 5, 2015<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>        235 Pine Street, 19th Floor<br>        San Francisco, CA 94104<br>Judge: Hon. Dennis Montali |

At the above-referenced date, time, and location, the Court held a hearing (the "Hearing") to confirm the Combined Chapter 11 Plan of Liquidation (the "Plan") and Disclosure Statement (the "Disclosure Statement") (together the "Plan/Disclosure Statement") [Docket No. 155] filed by the Official Committee of Unsecured Creditors (the Committee") in the above-captioned Chapter 11 case of Metawise Group, Inc. (the "Debtor") on September 22, 2015. Appearances were made as set forth on the record of the Court.

Upon consideration of the Plan/Disclosure Statement, the Committee's memorandum of points and authorities in support of the Plan/Disclosure Statement, the declaration of Harry J. Newman in support of the Plan/Disclosure Statement, the declaration of Robert K. Sahyan regarding the tabulation of ballots accepting or rejecting the Plan, the notice of Hearing, the statements of counsel set forth on the record, the fact that no oppositions were filed, the entire record in the case, the entire docket in the case, and for good cause appearing, therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Disclosure Statement is hereby approved on a final basis as containing adequate information with the meaning of section 1125 of the Bankruptcy Code.

2. Notice of the Plan and Hearing were good and proper.

3. The Plan is hereby confirmed. All of the applicable provisions of section 1129 the Bankruptcy Code necessary for Plan confirmation have been satisfied. The provisions of the Plan, the Liquidating Trust Agreement, this Order, and any associated findings of fact or conclusions of law shall bind the Liquidating Trust, the Debtor, and all holders of claims and Interests against the Debtor regardless of whether such holders are impaired under the Plan or voted to accept the Plan.

4. All capitalized terms which are not defined in this Order shall have the same definitions as contained in the Plan.

5. Service of the Plan/Disclosure Statement, the order tentatively approving the Disclosure Statement, and a form of ballot as set forth in the record is hereby approved and

ratified as providing creditors and parties-in-interest adequate and sufficient notice of the hearing on the plan and an opportunity to submit ballots accepting or rejecting the Plan.

6. On the Effective Date The Plan Committee shall be established pursuant to the Plan.

7. The Liquidating Trust shall be established pursuant to the Plan and Liquidating Trust Agreement. The Liquidating Trust Agreement in the form attached as Exhibit A to the Plan is approved. All of the Debtor's right, title and interest in and to the Liquidating Trust Assets shall be automatically vested in the Liquidating Trust on the Effective Date, free and clear of liens, claims, encumbrances and other interests.

8. On the Effective Date, Randy Sugarman of Sugarman & Company LLP shall be the Liquidating Trustee. On the Effective Date, the Liquidating Trustee shall be the sole authorized representative and signatory of the Liquidating Trust. The Liquidating Trustee shall have authority to render any and all services necessary or desirable to effectuate the terms of the Plan, as provided for herein. The powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by the Plan, this Order, and the Liquidating Trust Agreement.

9. All bank accounts held by the Debtor as of the Effective Date shall be held by the Liquidating Trustee in the name of the Liquidating Trust, subject to the provisions of the Plan and the Liquidating Trust Agreement. The Liquidating Trustee shall have the power to hold and control such bank accounts and to establish further bank accounts for the Liquidating Trust. The Debtor shall transfer and deliver to the Liquidating Trustee all books, records, insurance policies, contracts, and other documents, including computer files and other electronic media, necessary or desirable for the Liquidating Trustee's administration of the Liquidating Trust. To the full extent permitted by law, on the Effective Date, the Debtor will be deemed to transfer to the Liquidating Trustee, all rights of the Debtor and the Debtor's estate to exercise or waive any attorney-client privilege, work-product privilege or other privilege or immunity. All such privileges shall automatically vest in the Liquidating Trust and its representatives, to the full extent

permitted by law, and the Debtor and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges.

10. The Debtor, the Committee, the Liquidating Trustee, and the Plan Committee are hereby authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and to take such actions as may be reasonably necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

11. This Court shall retain jurisdiction to the extent permitted by applicable law and the Plan.

**\*\*\*END OF ORDER\*\*\***

**COURT SERVICE LIST**

*Registered ECF Participants*